UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| VALENTUS, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>TASTES NATURAL, LLC, and<br>JOSHUA YOUNG,<br><br>                Defendants. | 4:23-cv-04040-LLP<br><br><br>**ANSWER AND COUNTERCLAIM** |

The above-named Defendants, for their Answer to Plaintiff's Complaint, hereby respond to Plaintiff's Complaint and Demand for Jury Trial as follows.  Defendants deny each and every allegation, matter, thing and conclusion contained in Plaintiff's Complaint, except those allegations which are hereinafter specifically admitted or otherwise qualified.

## Parties

1.      Upon information and belief, Defendants admit the allegations set forth in paragraph 1.

2.      Defendants admit the allegations set forth in paragraph 2.

3.      Defendants deny the allegations set forth in paragraph 3.

## Jurisdiction and Venue

4.      As to paragraph 4, Defendants maintain the United States District Court for the District of South Dakota, Southern Division, has jurisdiction over this matter.

5.      Defendants admit the allegations set forth in paragraph 5.

1

6.      Defendants deny the allegations set forth in paragraph 6 as they were not working with the Plaintiff.  Defendants were tasked with developing functional beverages by Solside Holdings, LLC, and Other Worldly Ventures, LLC, with the end products being distributed exclusively via Elevacity US, LLC, d/b/a The Happy Co f/k/a Elepreneurs US, LLC d/b/a Elepreneurs, LLC. At the behest of Jordan Brock, Mark Willodson, Judy Willodson, Solside Holdings, LLC, and Other Worldly Ventures, LLC, the Defendants discussed the coffee formulations with multiple direct sales companies (competitors) in the 4th quarter of 2021.  In the final days of 2021, Solside Holdings, LLC, Other Worldly Ventures, LLC, Jordan Brock, Mark Willodson, and Judy Willodson confirmed plans that they would be taking the coffee formulation and all distributors from Elevacity US, LLC, d/b/a The Happy Co f/k/a Elepreneurs US, LLC, d/b/a Elepreneurs, LLC, to Valentus as the Plaintiff had agreed to indemnify them from assured litigation.  The Defendants had no way of knowing the plans of Valentus as they were never the intended distributor of the functional beverages.

7.      Defendants deny the allegations set forth in paragraph 7.

8.      Defendants deny the allegations set forth in paragraph 8.

9.      Defendants deny the allegations set forth in paragraph 9.

10.     Defendants deny the allegations set forth in paragraph 10.

11.     Defendants admit the allegations set forth in paragraph 11 to the extent that they were acting at the requests of Janet Carpenter, Solside Holdings, LLC, Other Worldly Ventures, LLC, Jordan Brock, Mark Willodson, Judy Willodson, and Ken Eggleston in order to have sufficient inventory for upcoming marketing activities.

12.     Defendants deny the allegations set forth in paragraph 12.

13.     Defendants deny the allegations set forth in paragraph 13.

14.     Defendants do not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 14.

15.     As to the allegations set forth in paragraph 15, Defendants admit they have transacted business within the state of South Dakota but deny this matter should be venued in State Court for the reasons set forth in Defendants Notice of Removal filed with this Court on March 17, 2023.  Further, Defendants deny any actions that are alleged to have caused Plaintiff to suffer damages.

16.     With regard to the allegations of paragraph 16, Defendants dispute that any agreement existed between Defendants and Plaintiff and therefore deny the allegations in paragraph 16.

### Facts

17.     Defendants do not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 17.

18.     Defendants do not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 18.

19.     Defendants do not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 19.

20.     Defendants deny the allegations set forth in paragraph 20.  The Principals and Investors of Solside Holdings, LLC, were the parties that initiated the project and approved the project brief which noted the attributes to which the product must adhere.

The product was named Solside Coffee in reference to the entity which initiated the project.  The product was formulated in compliance with the approved project brief and was subsequently approved by Jordan Brock, Mark Willodson, Judy Willodson, Solside Holdings, LLC, and Other Worldly Ventures, LLC.

21.    Defendants admit the allegations set forth in paragraph 21.

22.    Defendants do not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 22.

23.    With regard to the allegations of paragraph 23, Defendants deny soliciting Plaintiff in any manner.  It was the understanding of the Defendants that their customer was Other Worldly Ventures, who would be reselling the finished products to Sharing Services, Inc.  Furthermore, Defendants preferred to only supply their ingredients and only agreed to manage manufacturing at the behest of Solside Holdings, LLC, Other Worldly Ventures, LLC, Jordan Brock, Mark Willodson, and Judy Willodson.

24.    Defendants admit they supplied a specification sheet to Plaintiff and produced product consistent with this specification sheet, but deny the remaining allegations set forth in paragraph 24 and hold Plaintiff to its strict proof thereof.

25.    With regard to the allegations of paragraph 25, Defendants deny sending samples to Plaintiff, and therefore deny any remaining allegations in paragraph 25. Samples were submitted to Solside Holdings, LLC, Other Worldly Ventures, LLC, Jordan Brock, Judy Willodson, and Mark Willodson for approval with the understanding the end customer for the products was Elevacity US, LLC, d/b/a The Happy Co f/k/a Elepreneurs US, LLC, d/b/a Elepreneurs, LLC .

4

26. Defendants deny the allegations set forth in paragraph 26. The clinical trial with Texas A&M was a contract between Solside Holdings, LLC/Other Worldly Ventures, LLC, and Texas A&M.

27. As to the allegations set forth in paragraph 27, Defendants deny that Plaintiff ever placed a purchase order with Defendant for 100,000 units of Solside Coffee.

28. With regard to the allegations set forth in paragraph 28, Defendants deny entering into an agreement with Plaintiff.

29. Defendants are without sufficient information to either admit or deny the allegations set forth in paragraph 29 and hold Plaintiff to its strict proof thereof.

30. Defendants are without sufficient information to either admit or deny the allegations set forth in paragraph 30 and hold Plaintiff to its strict proof thereof.

31. As to the allegations in paragraph 31, Defendants deny that Plaintiff's distributors or representatives ever had access to the Product.

32. Defendants do not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 32, subparagraphs (a) through (s) and hold Plaintiff to its strict proof thereof.

33. As to the allegations in paragraph 33, Defendants admit that they corrected and resolved all issues Plaintiff brought to their attention.

34. Defendants deny the allegations set forth in paragraph 34.

35. Defendants admit the allegations set forth in paragraph 35 but deny it was an attempt to retain Valentus' business. The manufacturing change was made at the

behest of Solside Holdings, Other Worldly Ventures, LLC, Jordan Brock, Mark

Willodson, and Judy Willodson.

36.     Defendants deny the allegations set forth in paragraph 36.

37.     Defendants deny the allegations set forth in paragraph 37.

38.     Defendants deny the allegations set forth in paragraph 38.

39.     Defendants do not have sufficient knowledge or information to admit or

deny the allegations set forth in paragraph 39 and hold Plaintiff to its strict proof thereof.

40.     Defendants admit the allegations in paragraph 40, to the extent that elevated

bacteria levels caused batches of the Product to be quarantined, but deny the remaining

allegations contained in paragraph 40.

41.     Defendants deny the allegations set forth in paragraph 41.

42.     Defendants deny the allegations set forth in paragraph 42.

43.     Defendants deny the allegations set forth in paragraph 43.

44.     Defendants deny the allegations set forth in paragraph 44.

45.     Defendants deny the allegations set forth in paragraph 45.  Other Worldly

Ventures, LLC,  Solside Holdings, LLC, and Valentus approved the use of the Texas

Facility while soliciting the assistance of Tastes Natural to qualify other manufacturers

that can produce both tubs and stick packs of Solside Coffee.  This assistance continued

through June, 2022.

46.     Defendants deny the allegations set forth in paragraph 46. At the behest of

Other Worldly Ventures, LLC, Solside Holdings, LLC, Valentus, Mark Willodson, and

6

Judy Willodson the Defendant worked with manufacturers recommended by the Plaintiff to fulfill the only Purchase Order submitted which was for 300,000 units.

47.     Defendants deny the allegations set forth in paragraph 47.

48.     With regard to the allegations in paragraph 48, Defendants deny that any loss suffered by Plaintiff is attributable to the Defendants.  Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations in paragraph 48.  Existing Valentus Distributors did not have access to the Solside Coffee product due to a lockout agreement with Other Worldly Ventures.  Furthermore, due to systems conversion Valentus was unable to ship products and was only able to restart shipping upon reverting back to the old system. Lastly, Other Worldly Ventures launched the coffee product as part of a marketing campaign billed as "Try the Coffee and Bagel Diet", or the "Coffee and Waffle Diet." Plaintiff was unable to deliver either the low carb bagels or waffles at the time of launch or after.

49.     Defendants deny the allegations set forth in paragraph 49.

## First Cause of Action
### Breach of Contract, Against Tastes Natural

50.     With regard to the allegations of paragraph 50, Defendants restate their responses to the preceding paragraphs as though fully set forth herein.

51.     Defendants deny entering into an Agreement with Plaintiff, and further deny the remaining allegations set forth in paragraph 51.

52.     Defendants deny that there was an Agreement between the Defendants and Plaintiff, and further deny the remaining allegations set forth in paragraph 52.

7

53. Defendants deny that there was an Agreement between the Defendants and Plaintiff, and further deny the remaining allegations set forth in paragraph 53.

54. Defendants deny the allegations set forth in paragraph 54.

55. Defendants deny producing any product under the Second Purchase Order, and further deny the remaining allegations set forth in paragraph 55. Defendants worked directly with manufacturers recommended by the Plaintiff to fulfill the only Purchase Order which was for 300,000 units. Defendants provided all information to manufacturers selected by Plaintiff, yet they did not execute against the non-cancellable Purchase Order for 300,000 units. Furthermore, emails from April 12, 2022, stated they were planning manufacturing of Solside Coffee at the Texas Facility. Plaintiff ultimately decided to produce Solside Coffee at Alternative Laboratories via Other Worldly Ventures, LLC, with no notification being provided to the Defendant.

**Second Cause of Action**
*Breach of Express Warranty – Count I, Against Tastes Natural*

56. With regard to the allegations in paragraph 56, Defendants restate their responses to the preceding paragraphs as though fully set forth herein.

57. Defendants do not have sufficient knowledge or information to admit or deny the allegations set forth in paragraph 57 and hold Plaintiff to its strict proof thereof.

58. Defendants deny the allegations set forth in paragraph 58.

59. Defendants deny that there was an Agreement between Defendants and Plaintiff, and further deny the remaining allegations set forth in paragraph 59.

60. Defendants deny the allegations set forth in paragraph 60.

61.   Defendants deny the allegations set forth in paragraph 61.

62.   Defendants deny the allegations set forth in paragraph 62.

## Third Cause of Action
### *Breach of Warranty – Count II, Against Tastes Natural*

63.   With regard to the allegations in paragraph 63, Defendants restate their responses to the preceding paragraphs as though fully set forth herein.

64.   Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 64 and hold Plaintiff to its strict proof thereof.

65.   Defendants deny the allegations set forth in paragraph 65.

66.   Defendants deny that there was an Agreement or a purchase order for 100,000 units between the Defendants and the Plaintiff.  Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations in paragraph 66.

67.   Defendants deny the allegations set forth in paragraph 67.

68.   Defendants deny that any loss suffered by Plaintiff is attributable to the Defendants, and further deny the remaining allegations in paragraph 68.

69.   Defendants deny that any loss suffered by Plaintiff is attributable to the Defendants, and further deny the remaining allegations in paragraph 69.

## Fourth Cause of Action
### *Breach of Express Warranty – Count III, Against Tastes Natural*

70.   With regard to the allegations in paragraph 70, Defendants restate their responses to the preceding paragraphs as though fully set forth herein.

71.    Defendants deny the allegations set forth in paragraph 71.  Per industry standards of functional foods and beverages, all raw materials were tested and met specification prior to use.

72.    Defendants deny that there was an Agreement between the Defendants and the Plaintiff, and further deny the remaining allegations in paragraph 72.

73.    Defendants deny that there was an Agreement or a purchase order for 100,000 units of Solside Coffee between the Defendants and the Plaintiff.  Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations in paragraph 73.

74.    Defendants deny the allegations set forth in paragraph 74.

75.    Defendants deny that any loss suffered by Plaintiff is attributable to the actions or inactions of Defendants, and further deny the remaining allegations in paragraph 75.

76.    Defendants deny that any loss suffered by Plaintiff is attributable to the actions or inactions of Defendants, and further deny the remaining allegations in paragraph 76.

**Fifth Cause of Action**
***Breach of the Implied Warranty of Merchantability, Against Tastes Natural***

77.    With regard to the allegations in paragraph 77, Defendants restate their responses to the preceding paragraphs as though fully set forth herein.

78.     Defendants deny the allegations set forth in paragraph 78.

79.    Defendants deny the allegations set forth in paragraph 79.

10

80.      Defendants deny that any loss suffered by Plaintiff is attributable to the actions or inactions of the Defendants, and further deny the remaining allegations in paragraph 80.

81.      Defendants deny that any loss suffered by Plaintiff is attributable to the Defendants, and further deny the remaining allegations in paragraph 81.

**<u>Sixth Cause of Action</u>**
***Fraud in the Inducement, Against all Defendants***

82.      With regard to the allegations in paragraph 82, Defendants restate their responses to the preceding paragraphs as though fully set forth herein.

83.      Defendants do not have sufficient knowledge or information to admit or deny the allegations in paragraph 83 and hold Plaintiff to its strict proof thereof.

84.      Defendants do not have sufficient knowledge or information to admit or deny the allegations in paragraph 83 and hold Plaintiff to its strict proof thereof.

85.      Defendants deny the allegations set forth in paragraph 85.

86.      Defendants deny the allegations set forth in paragraph 86.

87.      Defendants deny the allegations set forth in paragraph 87.

88.      Defendants deny that any "detriment and injury" suffered by Plaintiff is attributable to the Defendants.  Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations in paragraph 88.

89.      Defendants do not have sufficient knowledge or information to admit or deny the allegations in paragraph 89 and hold the Plaintiff to its strict proof thereof.

90.      Defendants deny the allegations set forth in paragraph 90.

11

## <u>GENERAL AND AFFIRMATIVE DEFENSES</u>

1.      Defendant asserts all affirmative defenses required to be pled pursuant to Fed. R. Civ. P. 8(c) to Plaintiff's Complaint.

2.      As an affirmative defense, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.      As an affirmative defense, Plaintiff has failed to name an indispensable third party, specifically, Defendants were not working with the Plaintiff.  Defendants were tasked with developing functional beverages by Solside Holdings, LLC, and Other Worldly Ventures, LLC, with the end products being distributed exclusively via Elevacity US, LLC, d/b/a The Happy Co f/k/a Elepreneurs US, LLC d/b/a Elepreneurs, LLC. At the behest of Jordan Brock, Mark Willodson, Judy Willodson, Solside Holdings, LLC, and Other Worldly Ventures, LLC, the Defendants discussed the coffee formulations with multiple direct sales companies (competitors) in the 4th quarter of 2021.  In the final days of 2021, Solside Holdings, LLC, Other Worldly Ventures, LLC, Jordan Brock, Mark Willodson, and Judy Willodson confirmed plans that they would be taking the coffee formulation and all distributors from Elevacity US, LLC, d/b/a The Happy Co f/k/a Elepreneurs US, LLC, d/b/a Elepreneurs, LLC, to Valentus as the Plaintiff had agreed to indemnify them from assured litigation.  The Defendants had no way of knowing the plans of Valentus as they were never the intended distributor of the functional beverages.

4.      As an affirmative defense, Defendants state that Plaintiff has failed to mitigate its claimed damages.

5.    As a further affirmative defense, Defendants state that Plaintiff's Complaint is barred by the doctrine of laches, waiver, or estoppel.

6.    These Defendants reserve the right to assert additional affirmative defenses and amend their Answer upon completion of additional discovery.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed upon the merits and with prejudice and that Defendants recover their costs and disbursements incurred herein plus any further relief deemed equitable by the Court.

## **COUNTERCLAIM**

For their counterclaim against Plaintiff, Defendants state and allege as follows:

1.    Plaintiff's conduct constitutes breach of contract as it relates to Purchase Order 78, known as "PO78."

2.    On March 15, 2022, the parties executed PO78 for 300,000 units of SolSide Coffee.

3.    This contract was irrevocable and Plaintiff never made any deposits under the Purchase Order in accordance with the terms and conditions of PO78.

4.    The terms and conditions of PO78 constituted a valid and enforceable contract.

5.    Defendants fulfilled all of their contractual obligations under PO78.

6.    As a direct and proximate result of Plaintiff's breach, Defendants incurred damages in lost revenues related to PO78 as well as excess inventories purchased in advance of this purchase order as well as other purchase orders placed with vendors for raw materials in anticipation of releases against PO78.

7.      These damages include $2,055,000 owed to Defendants by Plaintiff consistent with the terms of non-cancellable PO78, placed on March 15, 2022; $189,161 for a purchase order placed by Defendants to Pharm-RX Chemical Corp. on March 30, 2022, for raw materials purchased to fulfill Plaintiff's obligations related to PO78; $98,927 for purchase of excess inventory from Consolidated Mills necessary to fulfill PO78; $58,000 for tubs purchased by Consolidated Mills for purposes of fulfilling PO78.

8.      Plaintiff's conduct also constitutes Deceit and Fraudulent Misrepresentation in that Plaintiffs made numerous representations as a statement of fact throughout the parties dealings as it relates to the above PO.

9.      Plaintiff's knew these representations were untrue and knowingly made these false representations in order to induce or deceive Defendants to act upon them, to the detriment of Defendants.

10.      As a direct and proximate result of Plaintiff's conduct, Defendants have incurred damages to be determined at trial by a jury.

WHEREFORE, Defendants pray for a judgment against Plaintiff as follows:

1.       For general and special damages sustained by Defendant Josh Young in his individual capacity responding to the claims set forth herein; and

2.      For general and special damages sustained by Defendant Tastes Natural in its capacity responding to the claims set forth herein; and

3.      For any other costs, disbursements or expenses as allowed by law.

## **JURY DEMAND**

These Defendants demand trial by jury on all issues of fact.

14

Dated April 7, 2023.

LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

*/s/ Ross M. Wright*

Ross M. Wright
110 N. Minnesota Ave., Ste. 400
Sioux Falls, SD  57104
Telephone: (605) 332-5999
E-mail: rwright@lynnjackson.com
 *Attorney for Defendants*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2023, I sent to:

Joel A. Arends
Arends Law, P.C.
6901 S. Lyncrest Place, Suite 102
Sioux Falls, SD  57108
joel@arendslaw.com

by Notice of Electronic Filing generated by the CM/ECF system, a true and correct copy of **Answer and Counter Claim** relative to the above-entitled matter.


By:  */s/ Ross M. Wright*
          Ross M. Wright