UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| VALENTUS, INC., | 4:23-CV-4040 |
| Plaintiff, | |
| vs. | ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM |
| TASTES NATURAL, LLC, and JOSHUA YOUNG, | |
| Defendants. | |

Pending before the Court is a Motion to Dismiss the fraud and deceit counterclaim filed by Defendants Tastes Natural, LLC and Joshua Young ("Defendants"). (Doc. 12). Plaintiff has moved to dismiss the counterclaim under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. (Doc. 12). For the following reasons, Plaintiff's Motion to Dismiss is granted.

### A. Motion to Dismiss Counterclaim

Defendants have asserted a counterclaim alleging breach of contract—specifically Purchase Order 78 ("PO78")—and a claim for fraud and deceit. (Doc. 4). In their counterclaim, Defendants allege that on March 15, 2022, the parties executed PO78 for 300,000 units of SolSide Coffee and that Valentus never made any deposits under the Purchase Order in accordance with the terms and conditions of PO78. (Doc. 4, ¶¶ 2-3). Defendants allege that as a result of Valentus's breach, they incurred damages in lost revenues related to PO78, as well as excess inventories purchased in advance of PO78, and other purchases placed with vendors for raw materials in anticipation of releases against PO78. (Doc. 4, ¶ 6). Defendants allege that:

> Plaintiff's conduct also constitutes Deceit and Fraudulent Misrepresentation in that Plaintiffs made numerous representations as a statement of fact throughout the parties dealings as it relates to the above PO.

1

> Plaintiff knew these representations were untrue and knowingly made these false representations in order to induce or deceive Defendants to act upon them, to the detriment of Defendants.

(Doc. 4, ¶¶ 8-9).

Plaintiff Valentus have moved to dismiss Defendants' fraud and deceit counterclaim on the basis that it lacks the requisite particularity under Rule 9(b) of the Federal Rules of Civil Procedure—particularly, what was said, who said it, and when it was said. (Doc. 13 at 60-61).

### B. Legal Standard

"To survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court assessing such a motion must accept all factual allegations in the complaint as true and draw all inferences in favor of the nonmovant. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010); *Brooks v. Midwest Heart Group*, 655 F.3d 796, 799 (8th Cir. 2011). Courts consider "plausibility" by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts must "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n. 4 (8th Cir. 2010)).

The Court must evaluate a fraud claim under the heightened standard of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). In order to satisfy Rule 9(b), a pleading must specify "such matters as the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001). "Put another way, the complaint must identify the 'who, what where, when, and how' of the alleged fraud." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)).

### C. Analysis

The Court finds that Defendants' fraud and deceit allegations do not meet the pleading standards set forth in Rule 9(b) of the Federal Rules of Civil Procedure and fail to state a claim. Defendants allege that Plaintiff Valentus "made numerous representations as a statement of fact throughout the parties dealings as it relates to PO78," but they fail to allege what those representations were, who made them, and when and how they were made.

Defendants argue that should the Court find that the factual allegations related to the fraud claim are lacking, Defendants request that the Court grant them leave to amend their Counterclaim, in lieu of dismissal. (Doc. 17 at 100-01). In opposition to Plaintiff's Motion to Dismiss Counterclaim, Defendants argue that "but for representations made by Valentus . . . in [PO78]," Defendants would not have expended $189,161 with a supplier for the purchase of raw materials to fulfill the obligations related to PO78, nor expended $98,927 and $58,000 for the purchase of excess inventory and for tubs necessary to fulfill PO78. (Doc. 17 at 100; ¶¶ 4, 6, 7). Defendants argue that "the basis of the fraud claim was related to the terms set forth in [PO78]" and that the "what" of the fraud is the 300,000 units of SolSide Coffee in the purchase order, that the "who" equates to the parties noted in PO78 and in this litigation, and that the "when" is addressed by the date of the purchase order itself—March 15, 2022. (Doc. 17 at 99-100).

Defendants argue that Plaintiff's breach of its obligations under PO78 "also constitutes deceit and fraudulent misrepresentation." (Doc. 17 at 99). However, "[c]onduct which merely is a breach of contract is not a tort. . . ." *Grynberg v. Citation Oil & Gas Corp.*, 573 N.W.2d 493, 500 (S.D. 1997) (quoting *Kunkel v. United Security Ins. Co.*, 168 N.W.2d 723, 733 (S.D. 1969)). "[T]ort usually signifies a breach of legal duty independent of contract." *Id.* "While the independent tort may occur at the time of and in connection with the breach, or may arise out of the same transaction, it is not committed merely by breaching the contract, even if such act is intentional." *Id.*

> Local Rule 15.1, which governs motions to amend pleadings, provides that:
>
> [A]ny party moving to amend a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified. If the court grants the motion, the moving party must file a clean original of the amended pleading within 7 days.

L.R. 15.1, *Motions to Amend Pleadings*, United States District Court, District of South Dakota. It may be that Defendants plan to assert that Valentus breached a legal duty independent of the

3

contract. Defendants have provided no proposed amended pleading in accordance with Local Rule 15.1, nor have they communicated the substance of their proposed amendments. *See Dudek v. Prudential Securities, Inc.*, 295 F.3d 875, 880 (8th Cir. 2002) (finding no abuse of discretion is granting motion to dismiss without leave to amend when plaintiff failed to submit proposed amended pleading and failed to described substance of amended claims). The Court declines at this time to grant Defendants leave to amend their counterclaim.

Accordingly, it is hereby ORDERED that:

1) Plaintiff's Motion to Dismiss Counterclaim (Doc. 12) is GRANTED. Defendants' counterclaim is DISMISSED WITHOUT PREJUDICE; and

2) Defendants' request for leave to amend is DENIED WITHOUT PREJUDICE.

Dated this 20th day of June, 2023.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____